IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PATRICIA A. ROBBEN-CYL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 11 C 7501 |
| v. ) | |
| ) | Magistrate Judge Sidney I. Schenkier |
| ) | |
| CAROLYN W. COLVIN, Commissioner ) | |
| of Social Security,[1] ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER[2]

Plaintiff filed this action seeking review of an administrative determination denying her claim for social security disability benefits. In a Memorandum Opinion and Order ("Opinion") dated February 6, 2013, this Court granted the plaintiff's motion to reverse the decision of the Administrative Law Judge ("ALJ") and to remand the case for further proceedings (doc. # 21). Judgment ordering that remand was entered on February 7, 2013 (doc. # 22). On March 6, 2013, the Commissioner of Social Security filed a motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e) (doc. # 23). In support of her Rule 59(e) motion, the Commissioner contends that the Opinion contains manifest errors of law. "To prevail on a Rule 59(e) motion to amend judgment, a party must 'clearly establish' (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Blue v. Hartford Life & Accident Ins. Co.*, 698 F.3d 587, 598 (7th Cir. 2012). When,

---

[1] On February 14, 2013, Carolyn W. Colvin became Acting Commissioner of Social Security. Pursuant to Federal Rule of Civil Procedure 25(d), Carolyn W. Colvin is automatically substituted as defendant.

[2] On January 17, 2012, by consent of the parties and pursuant to 28 U.S.C. § 636(c) and Local Rule 73.1, this case was assigned to this Court for all proceedings, including entry of final judgment (docs. ## 13, 14).

as here, the party seeks relief based on a manifest error of law, the party must bring to the Court's attention the "'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan*, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)).

As a preliminary matter, we note the interesting posture of the Commissioner's motion. Although the Commissioner labels her motion as one that seeks to alter or amend the judgment, that is not the relief sought in the motion. The Commissioner is not actually seeking to alter or amend the *judgment* entered on February 7, 2013, which granted Ms. Robben-Cyl's motion for reversal and remanded for further proceedings:

> For purposes of this motion, the Commissioner does not contest the court's findings that the ALJ did not properly consider the RFC assessment of her primary treating physician and that the ALJ did not properly analyze the credibility of Ms. Robben-Cyl's pain and other symptoms.

(doc. # 23: Memorandum in Support of Rule 59(e) Motion to Alter or Amend Judgment ("Mem.") at 4). Plainly, these findings that the Commissioner does not contest support remand in this case, so the judgment itself is not at issue.

Instead, the Commissioner merely requests that the Court reconsider two aspects of its Opinion: (1) the determination that the ALJ erred in failing to address Ms. Robben-Cyl's alleged medication side effects, and (2) that in defending the ALJ's lack of discussion of Ms. Robben-Cyl's alleged medication side effects, the Commissioner ran afoul of the *Chenery* doctrine. In other words, the Commissioner's motion asks us to revise our Opinion, though not the ultimate judgment in the case. With respect, we decline to do so.

2

I.

The Commissioner asserts that the ALJ's failure to address the side effects of Ms. Robben-Cyl's pain medications did not warrant remand, and this Court erred in ruling that it did (Mem. at 4-5). The Commissioner argues that the Court's finding conflicts with two Seventh Circuit cases: *Herron v. Shalala*, 19 F.3d 329, 335 (7th Cir. 1994) and *Nelson v. Secretary of Health & Human Services*, 770 F.2d 682, 685 (7th Cir. 1985) (per curiam), *abrogated on other grounds by Allen v. Sullivan*, 977 F.2d 385, 390 (7th Cir. 1992) and *DeFrancesco v. Bowen*, 867 F.2d 1040, 1044 (7th Cir. 1989). As the Commissioner points out, in *Herron*, the Seventh Circuit stated that the "ALJ is not required to make specific findings concerning the side effects of prescription drugs on the claimant's ability to work." 19 F.3d at 335 (citing *Nelson*, 770 F.2d at 685). What the Commissioner overlooks is that in both *Herron* and *Nelson*, the ALJs had mentioned evidence involving the claimants' medications, which gave some indication that the ALJs had considered their medications and their effects. *See Herron*, 19 F.3d at 335 (ALJ discussed confusing answers regarding how much rest the claimant needed after taking his medications and noted claimant's testimony that there were times when he did not need his medication); *Nelson*, 770 F.2d at 685 ("The ALJ discussed Nelson's use of Motrin and Dyazide in his opinion; he did not, however make specific findings on this matter"). Moreover, in *Herron*, the Seventh Circuit ultimately remanded the issue of Herron's side effects claim so that the ALJ could "better articulate the grounds for his [credibility] decision since meaningful appellate review at this juncture is impossible." 19 F.3d at 336.

In contrast, the ALJ's decision in the present case did not even mention that Ms. Robben-Cyl took prescription pain medications, and thus gave no indication that the ALJ considered the claimant's medications – or their alleged side effects. That omission was particularly significant

3

here, where the issue of side effects from medication was not merely a peripheral matter; rather, the issue was central to the disability analysis. If in fact Ms. Robben-Cyl's assertions about the effects of her pain medications were true, then, based on the vocational expert's testimony, there would have been no jobs available for her (R. 61: no work available for a person who would be off-task 20 percent of the workday for naps and pain). On the facts of this case, the Court's determination that the ALJ erred by failing to address this point at all is not a manifest error of law. *See, e.g., Terry v. Astrue*, 580 F.3d 471, 477 (7th Cir. 2009) ("the ALJ must consider the claimant's level of pain, *medication*, treatment, daily activities and limitations, 20 C.F.R. § 404.1529(c)" (emphasis added)); *Niemi v. Colvin*, No. 12-C-0157, 2013 WL 789086, at * 7 (E.D. Wis. Mar. 1, 2013) (recommending that the ALJ on remand address effects of the claimant's pain medication, even where at the hearing the claimant had never mentioned side effects); *see also* SSR 96-7p, 1996 WL 3741686, *3 (S.S.A.) (one of the categories of evidence that ALJs must use in assessing credibility is "[t]he type, dosage, effectiveness, and *side effects* of any medication the individual takes or has taken to alleviate pain or other symptoms") (emphasis added).

## II.

The Commissioner also asserts that she did not run afoul of the *Chenery* doctrine (*see SEC v. Chenery Corp.*, 318 U.S. 80, 87-88 (1943)) by offering an explanation of why the ALJ did not need to address Ms. Robben-Cyl's medication side effects claim. We disagree. Where, as here, the ALJ failed to even mention Ms. Robben-Cyl's claim that her medications limit her ability to work, the Commissioner cannot cite evidence that the ALJ failed to mention in order to craft an *post hoc* rationale to justify the ALJ's omission.

The Commissioner contends, however, there may be times when she must highlight evidence from the record to show that the ALJ did not ignore a significant line of evidence (Mem. at 7). Whether that may be true in some hypothetical case is a question that need not detain us here. In the present case, although the side effects claim may or may not win the day for Ms. Robben-Cyl on remand, the record is replete with references to the medications she has been prescribed, and the ALJ's failure to even mention her prescription drugs was error. The ALJ ignored a significant line of evidence, and the Commissioner's citations to record evidence that addresses an issue that the ALJ overlooked violates *Chenery*.

The Commissioner cites two recent opinions from the Chief Judge of the Eastern District of Wisconsin to highlight the difficulty the Commissioner perceives in distinguishing between permissible support for an ALJ's decision and improper argument barred by the *Chenery* doctrine: *Senn v. Astrue*, No. 12-C-326, 2013 WL 639257 (E.D. Wis. Feb. 21, 2013); *Gerow v. Astrue*, No. 12-C-0080, 2013 WL 173795 (E.D. Wis. Jan. 16, 2013). The Commissioner contends that while *Chenery* would bar the government from offering a new rationale to support the ALJ, *Chenery* should not be read to prohibit the government from citing evidence that the ALJ did not address to show that the decision is supported by substantial evidence. In support of this proposition, the Commissioner quotes the court in *Gerow*:

> *Chenery* holds that it is improper to uphold an administrative agency decision on grounds not relied upon by the agency; it does not stand for the proposition that, in deciding whether substantial evidence supports the agency's findings, a reviewing court is limited to only the evidence that was explicitly cited by the agency as support for its finding.

2013 WL 173795, at *3.

In our view, this distinction is foreclosed by clear – and recent – Seventh Circuit authority. *See, e.g., Roddy v. Astrue*, 705 F.3d 631, 637 (7th Cir. 2013). Indeed, in a more

recent decision, the author of *Gerow* cited this authority in stating that under the Seventh Circuit's interpretation of the *Chenery* doctrine, "the Commissioner is precluded from *relying on evidence or a rationale* for upholding the ALJ's decision that does not appear in the ALJ's decision." *Niemi*, 2013 WL 789086, at *8 (emphasis added) (collecting cases). The Commissioner's argument that the Court committed manifest error by applying this unequivocal Seventh Circuit precedent is a non-starter.[3]

The Commissioner also warns that interpreting *Chenery* to require "ALJs to anticipate each argument a claimant may raise on appeal . . . would impose on ALJs a standard of articulation far beyond what is expected of judges or juries in any other kind of case, even criminal cases" (Mem. at 9, quoting *Senn*, 2013 WL 639257, at *8). We find this fear unfounded.

*First*, in this case, the ALJ was on notice that Ms. Robben-Cyl was claiming that her medications adversely affected her ability to work. She raised it in her Disability Report on May 18, 2009 (R. 184); she told the DDS consulting physician on December 8, 2009, that she takes Vicodin, but it "knocks her out" (R. 528); in a letter to the ALJ dated August 10, 2010 (two days before the hearing), Ms. Robben-Cyl's attorney advised the ALJ, among other things, that the Vicodin knocks her out, she feels groggy, and that her medications may keep her off-task for more than 10 percent of the time (R. 261); Ms. Robben-Cyl testified about the effects of her

---

[3] We further note that the *Gerow* and *Senn* decisions likewise applied this precedent. In *Gerow*, the Commissioner was not defending the ALJ's decision with evidence that the ALJ had never even touched upon; there, although the ALJ had not "specifically" discussed the mental RFC conclusions of a particular doctor, the ALJ had referenced that doctor's conclusions in support of the RFC finding. 2013 WL 173795, at *3. By contrast, in *Senn*, the ALJ had concluded that Senn's lack of treatment undermined the credibility of his claims of his symptoms and limitations, without addressing Senn's testimony that he had gaps in seeking treatment because he did not have health insurance. 2013 WL 639257, at *3, 6, 9. The court remanded, because even though the Commissioner had pointed to evidence in the record that Senn had some access to free or low-cost insurance, the ALJ had not offered that evidence in support of his decision. *Id.* at *9.

6

medication (R. 58); her attorney elicited testimony from the VE about the limitations caused by needing to nap (R. 61-62); and her attorney raised the issue in a December 24, 2010 letter to the Appeals Council, where the Commissioner could have dealt with the issue administratively (R. 154-55). This is hardly the case on which to base an argument that the ALJ would have to "anticipate" an argument on review. This was a case where the issue was repeatedly presented during the administrative proceedings, yet was never even tangentially addressed by the ALJ.

*Second*, we do not read the Seventh Circuit authority as requiring the kind of prescience from ALJs that the Commissioner fears. An ALJ is obligated to show the path of her reasoning, so that a court may discharge its duty to determine whether the decision that results from that reasoning is supported by substantial evidence. Thus, the Seventh Circuit requires that the ALJ provide "an accurate and logical bridge" between the evidence and her conclusions. *E.g., Craft v. Astrue*, 539 F.3d 668, 673 (7th Cir. 2008). But, when the Commissioner seeks to support an ALJ's decision with a rationale that the ALJ did not use or evidence that the ALJ did not address, she invites us to speculate as to what the ALJ might have done, rather than to review what the ALJ actually did. This the Commissioner may not do. While the Commissioner may shine a light on the logical bridge built by the ALJ, she may not build that bridge in the first instance.

## CONCLUSION

Based on the foregoing, the Court hereby **DENIES** the Commissioner's motion to alter or amend the judgment.

ENTER:

SIDNEY I. SCHENKIER
United States Magistrate Judge

DATE: March 14, 2013